No. 05-653

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 138N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

AMY GUYMON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 00B144
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Mathew M. Stevenson, Attorney at Law, Missoula, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            George Corn, Ravalli County Attorney; T. Geoffrey Mahar,
Deputy County Attorney, Hamilton, Montana

Submitted on Briefs: June 14, 2006

Decided: June 27, 2006

Filed:

_____
Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Twenty-First Judicial District Court, Ravalli County, revoked Amy Guymon's probation and sentenced her to the custody of the Department of Corrections. Guymon appeals. We remand.

¶3    The issue is whether the District Court erred by failing to articulate its reasons for not allowing Guymon credit on her sentence for the time she had served on probation.

¶4    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law. Section 46-18-203(7)(b), MCA, requires a district court which is revoking a suspended sentence to consider any elapsed time and "state the reasons" for its determination as to whether to allow or disallow the time as a credit against the sentence. The District Court did not state its reasons for deciding that Guymon would not receive any credit for time served on probation.

¶5    Remanded with instructions that the District Court enter an amended revocation order which complies with the statute.

2

/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART